OPINION. Opper, Judge: Whether petitioner was a personal holding company and thus liable to the corresponding surtax depends as the case is presented upon whether the income it received was from “royalties,”[1] under section 502, Internal Revenue Code, and from “sources within-the United States,”[2] under section 119. Cf. Porto Rico Coal Co., 44 B. T. A. 221; affd. (C. C. A., 2d Cir.), 126 Fed. (2d) 212. This in turn reduces to a more limited question — whether petitioner had an “interest” in the Salomon patents for the use of which the payments in question were made. Both the definition under section 119 and the regulations under section 502 deal with the meaning of royalties as payment “for the use of or for the privilege of using * * * patents * * * and other like property.” Section 119 (a) (4) refers to “rentals or royalties from property located in the United States or from any interest in such yro-yertyP[3] (Emphasis added.) Consideration of all the circumstances, and particularly of the underlying agreement of the parties and their course of conduct, satisfies us that no such interest resided in petitioner. The contract itself demonstrates rather that the petitioner was not a joint owner of the patents, than the reverse. Had it bpen such, the careful provision for protecting it against certain conduct on the part of Redynam would have been unnecessary. That Redynam’s legal right to deal with the patents as its own property was absolute, except as limited by its contractual obligations to petitioner, is the reasonable inference to draw from that document. The patents were in the first instance the property of the inventor, Salomon, and not of petitioner’s predecessor. His title apparently passed directly to Redynam and not to petitioner, which acquired by the contract no more than a right to share in the profits. Had petitioner owned any interest in the patents it could presumably have taken depreciation on its cost. A. R. M. 35,1920 (2) C. B. 142. Yet we doubt whether such a claim could possibly be approved on these facts. MacCallum Gauge Co., 32 B. T. A. 544. And when the Wright Aeronautical Co., the American licensee, was permitted to use the, patents, it was represented, with the consent of petitioner’s predecessor, that Redynam was their sole owner. What the latter received from Wright were thus royalties based on this ownership ; what petitioner became entitled to under the contract was a right to share in Redynam’s income, and not any part of the Wright royalties as such. See Kiesau Petroleum Corporation, 42 B. T. A. 69. Since the parties have agreed that the sole issue is whether petitioner’s connection with these transactions constituted an “interest” in the patents, and since we conclude it did not, the issue must he disposed of in petitioner’s favor. Decision mil be entered wader Rule 50. “SEC. 502. * * * “For the purposes of this subehapter the term ‘personal holding company income’ means the portion of the gross income which consists of: “(a) Dividends, interest (other than interest constituting rent as defined in subsection (g)), royalties (other than mineral, oil, or gas royalties), annuities.” Regulations 111, Section 29.500-1: “* * * The term ‘personal holding company,’ as used in subchapter A of chapter 2, does not include a foreign corporation if (1) its gross income from sources within the United States for the period specified in section 119 (a) (2) (B) is less than 50 percent of its total gross income from all sources and (2) all of its stock outstanding during the last half of the taxable year is owned by nonresident alien individuals, whether directly or indirectly through other foreign corporations.” “SEC. 119. * * * “(a) Gaoss Income Ebom Sources in United States. — The following items of gross Income shall be treated as income from sources within the United States; ***»<■•* “(4) Rentals and Royalties. — Rentals or royalties from property located in the United States or from any interest in. such property, including rentals or royalties for the use of or for the privilege of using in the United States patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property ; * * *”